**CONSOLIDATED OIL & GAS, INC., Petitioner,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent,**

Southern Union Gathering Company, Intervenor.

No. 85–1191.

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 13, 1986.

Decided Dec. 5, 1986.

Charles W. Garrison, with whom Richard G. Morgan and Peter C. Kissel, Washington, D.C., were on brief, for petitioner.

Andrea Wolfman, Atty., F.E.R.C., Washington, D.C., for respondent. William H. Satterfield, Gen. Counsel, Barbara J. Weller, Deputy Sol., and Leslie J. Lawner, Atty., F.E.R.C., Washington, D.C., were on brief for respondent.

Robert J. Haggerty, Washington, D.C., was on brief for intervenor. Bruce E. Henderson, Dallas, Tex., also entered an appearance for intervenor.

Before WALD, Chief Judge, SCALIA* and STARR, Circuit Judges.

Opinion for the Court filed by Chief Judge WALD.

WALD, Chief Judge:

Consolidated Oil & Gas, Inc. (Consolidated), an independent oil and gas producer, petitions in this case for review of orders by the Federal Energy Regulatory Commission (FERC or Commission) asserting jurisdiction over certain sales of natural gas. Consolidated contends that the FERC misapplied the "commingling" doctrine in finding that it had jurisdiction, lacked substantial evidence for reaching that conclusion, and deprived Consolidated of both procedural and substantive due process. We affirm the Commission in all respects.

## BACKGROUND

This case began with a state law contract dispute between Consolidated and Southern Union Gathering Company (Gathering Company) over favored nations pricing provisions. Gathering Company owns and operates gas gathering facilities in the San Juan Basin of New Mexico. It reports that it purchases gas from Consolidated and other New Mexico producers, commingles the gas from the various producers in its gathering facilities, and resells some of this gas intrastate and some of it interstate. In 1974, Consolidated sued Gathering Company in state court, arguing that gas purchase prices paid by Gathering Company to other producers activated favored nations clauses of contracts between Consolidated and Gathering Company. The parties settled their dispute in 1976 with regard to ten contracts in question. When Gathering Company refused to honor the settlement price with regard to four of these con-

---

* Judge (now Justice) Scalia was a member of the panel at the time this case was argued, but did not participate in this decision.

tracts, Consolidated, in 1979, again brought suit. Gathering Company argued in this second state court lawsuit that the gas purchased by it from Consolidated under the four contracts in question was gas sold by Consolidated in interstate commerce for resale and thereby was subject to FERC jurisdiction over price under the Natural Gas Act (NGA), rendering the higher settlement price illegal. The state court referred the question of FERC jurisdiction to the Commission, *Consolidated Oil & Gas, Inc. v. Southern Union Co.*, No. SF 79–2161(c) (N.M.Dist.Ct. Aug. 4, 1980), Joint Appendix (J.A.) at 97, 98, and Gathering Company also asked the FERC for a declaratory order regarding jurisdiction.[1] The FERC entered an order declaring the gas sales in question to be subject to federal price ceilings under the NGA, 28 Fed. Energy Reg.Comm'n Rep. (CCH) 61,-424 (¶ 61,225) (Aug. 20, 1984), J.A. at 123, and affirmed this order on rehearing. 30 Fed.Energy Reg.Comm'n Rep. (CCH) 61,-708 (¶ 61,349) (Mar. 22, 1985), J.A. at 185. Because this assertion of federal jurisdiction would reduce the settlement price it could receive from Gathering Company, Consolidated petitioned this court for review of the FERC's orders. We now affirm the Commission.

## NATURAL GAS ACT JURISDICTION

The Natural Gas Act provides, in part, for regulation of "the sale in interstate commerce of natural gas for resale for ultimate public consumption for domestic, commercial, industrial, or any other use." 15 U.S.C. § 717(b). In *California v. Lo-Vaca Gathering Co.*, 379 U.S. 366, 85 S.Ct. 486, 13 L.Ed.2d 357 (1965), Lo-Vaca, an intrastate gathering company, sold gas to El Paso Natural Gas Co., an interstate pipeline, under contracts restricting that gas to intrastate use. The pipeline mixed, or commingled, Lo-Vaca's gas with gas

purchased from other sources, and then sold some of the commingled gas interstate. The Federal Power Commission (FPC), the FERC's predecessor agency, held that it had NGA jurisdiction over Lo-Vaca's sales to El Paso because "whether a transaction is in interstate commerce is determined by the essential character of the commerce, not necessarily by the contract." 26 F.P.C. 606, 612 (1961). The FPC noted that were it not to assert jurisdiction in a commingling case like this,

> [i]t would be possible for a pipeline to discriminate among producers by giving certain ones the privilege of selling to it the gas which by agreement would be deemed to be segregated from the interstate stream.... This may increase the cost to interstate customers and at the same time put them at a competitive disadvantage in obtaining additional supplies of gas.

26 F.P.C. at 613–14. The Supreme Court affirmed both the FPC's result and its reasoning, concluding that if the FPC could not assert jurisdiction in a case like this, an "attractive gap" would result in the regulatory scheme, because even if they had the power the producing states would "have little incentive" to regulate sales that result in higher costs to interstate customers. 379 U.S. at 370, 85 S.Ct. at 488.

In finding jurisdiction in the case at bar, the FERC relied squarely on *Lo-Vaca.* 28 Fed.Energy Reg.Comm'n Rep. (CCH) 61,-424 (¶ 61,225) (Aug. 20, 1984), J.A. at 123. Indeed, the facts of the two cases are quite similar. In both cases, a number of suppliers sell gas to a middleman who commingles their gas and resells some in interstate commerce. In both cases, the litigating supplier asserts that its gas was intended by the parties to be used or resold only in intrastate commerce, thereby avoiding federal jurisdiction. Furthermore, contrary to Consolidated's argument, the fact that the

---

1. Gathering Company also asked the Commission to assert primary jurisdiction and take over the state law contract suit. The FERC declined to do so, and Gathering Company did not petition for review. Consolidated argues that the FERC's declination of primary jurisdiction on the ground that the state law contract suit is not important to the regulatory responsibilities of the Commission contradicts its determination that the gas sales in question were jurisdictional. We find no such inconsistency.

middleman here is a gathering company that performs some functions (gathering) that cannot be federally regulated,[2] whereas in *Lo-Vaca* the middleman was an interstate pipeline that performed only regulable functions (transportation and sales), is a distinction without relevance for this case: The issue here is whether the *sale* of gas from the supplier to the middleman is subject to NGA jurisdiction. Whether gathering company, interstate pipeline, or producer, an entity involved in a sale in interstate commerce of natural gas for resale is, with regard to that transaction, subject to NGA jurisdiction. *See Phillips Petroleum Co. v. Wisconsin*, 347 U.S. 672, 74 S.Ct. 794, 98 L.Ed. 1035 (1954) (despite statutory exemption for the "production ... of natural gas," a natural gas producer engaged in a sale in interstate commerce of natural gas for resale is subject to NGA jurisdiction).

Consolidated's other efforts to challenge the jurisdictional finding also fall short. First, Consolidated maintains that the Commission's decision in *Columbia Gas Transmission Corp.*, 10 Fed.Energy Reg. Comm'n Rep. (CCH) 61,230 (¶ 61,111) (Feb. 8, 1980), is in conflict with its order here. In *Columbia Gas,* the Commission failed to assert NGA jurisdiction over the sale of gas from a producer to a local distribution company (LDC) in the same state even though the gas was transported in an interstate pipeline in which it was commingled with gas bound interstate. The sale in *Columbia Gas,* however, was directly between the producer and the LDC, and could clearly be regulated locally. The FERC had jurisdiction over the *transportation* of the gas from the producer to the LDC, since it occurred in an interstate pipeline, but not over the sale. Here, the sales involved are between the producer and the gathering company, which in turn sells some gas interstate and some intrastate. New Mexico has no authority to regulate the initial producer-to-gathering company sales since the end-users are not definably local, and the gathering company possesses

the same theoretical potential to favor intrastate over interstate channels in designating the destination of particular sources of gas that the Court seemed concerned about in *Lo-Vaca.*

■ Second, Consolidated claims that the Commission's decisions declining NGA jurisdiction in *City of Farmington v. Amoco,* 31 Fed.Energy Reg.Comm'n Rep. (CCH) 61,599 (¶ 61,290) (June 7, 1985); 32 Fed.Energy Reg.Comm'n Rep. (CCH) 61,648 (¶ 61,280) (Aug. 21, 1985), are inconsistent with its order here. Since the *Farmington* ruling is currently on petition for review to this court, *City of Farmington v. FERC,* No. 85–1680 (D.C.Cir. filed Oct. 18, 1985; argued November 3, 1986), we note only that *Farmington* presents a different factual situation from this case. The commingling in that case occurred in the producer's own gathering facility; that is, the producer drew gas from various wells, stored the gas all together in one facility, and then sold some intrastate and some interstate. Whether the *Lo-Vaca* "commingling" doctrine must be extended to include a producer's internal operations is at issue in that case but not in this one; the FERC has characterized *Farmington* as a split stream sale case, where the producer chooses how much gas to dedicate to the interstate market and sells it separately from the gas it sells intrastate. The intrastate portions of split stream sales are, of course, nonjurisdictional. *See, e.g., Columbia Gas Transmission Corp. v. Allied Chemical Corp.,* 652 F.2d 503, 516 n. 11 (5th Cir.1981); *Harrison v. FERC,* 567 F.2d 308 (5th Cir.1978); *Amoco Production Co.,* 23 Fed.Energy Reg.Comm'n Rep. (CCH) 61,429 (¶ 61,211) (May 9, 1983). Whatever the outcome in *Farmington,* it does not affect our decision that the sale of gas to an independent gathering facility that first commingles that gas with gas purchased from other suppliers and then sells the commingled gas both interstate

---

**2.** 15 U.S.C. § 717(b) provides that the NGA shall apply to "natural gas companies engaged in [jurisdictional] transportation or sale" of natural

gas, but not to the "production or gathering of natural gas."

and intrastate may be the subject of federal regulation under *Lo-Vaca*.

Finally, Consolidated attempts to resurrect the argument rejected in *Lo-Vaca* that the intent of the parties regarding the destination of the gas in question is dispositive of the jurisdictional issue. The teaching of *Lo-Vaca*, however, is that because sales to a middleman, who commingles gas of several suppliers and then resells the gas to both the intrastate and interstate markets, are not themselves regulable by the states, federal jurisdiction is required to avoid the creation of a regulatory gap.

In sum, we find this case sufficiently similar to *Lo-Vaca* to affirm the Commission's jurisdiction.

### SUBSTANTIAL EVIDENCE

Consolidated maintains that the FERC's orders were not based on substantial evidence on the record, because the record on which the FERC based its jurisdictional finding contains only Gathering Company's allegations that Consolidated's gas was commingled in its gathering facility with gas from other producers and that some of this commingled gas was sold interstate. Petition of Southern Union Gathering Co. for the Institution of a Proceeding and for a Declaratory Order, filed March 25, 1980, J.A. at 2. Consolidated argues that an agency may not base its findings on mere allegations, and further contends that an agency especially may not do so when those allegations are contradicted.

Under the substantial evidence test, we can uphold the Commission's decision only if it relies on such "relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477, 71 S.Ct. 456, 477, 95 L.Ed. 456 (1951) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)). It is clear, however, that "an agency may dispose of a controversy on the pleadings without an evidentiary hearing when the opposing presentations reveal that no dispute of fact is involved...." *Municipal Light Boards v. FPC*, 450 F.2d 1341, 1345 (D.C.Cir.1971), *cert. denied*, 405 U.S. 989, 92 S.Ct. 1251, 31 L.Ed.2d 455 (1972). This route may be taken when the movant's pleadings are unrebutted. 450 F.2d at 1346. In this case, Consolidated never did deny that its gas had been commingled and some of it sold interstate, as Gathering Company asserts. Consolidated instead argued to the FERC that the sale of the gas in question was not jurisdictional, and now claims that this argument constituted a denial of Gathering Company's factual assertions about commingling and interstate sale.[3] Consolidated's points regarding the jurisdictional status *vel non* of the sales in question, how-

---

**3.** Consolidated supports its lack of substantial evidence argument with statements like (1) "it is obvious Consolidated disputes the assertion its gas is jurisdictional," Consol.Br. at 23, (2) "Consolidated clearly and vigorously disputed the essential material fact, that its gas sales were jurisdictional," Consol.Rep.Br. at 33, (3) "Not one shred of evidence exists in the record to prove [the] assertion ... that all of Consolidated's gas is 'commingled' in [Gathering Company's] gathering facility," Consol.Br. at 26, (4) "no substantial evidence exists in the record of this proceeding that Gathering Company operated a *separate* intrastate line [to transport the nonjurisdictional gas sold in the six contracts not at issue in this proceeding]," Consol.Br. at 26 (emphasis in original), (5) "Consolidated denied Gathering Company's allegation that all the gas sold by Consolidated to Gathering Company under the four contracts in dispute was gas sold for resale in interstate commerce," Consol. Rep.Br. at 31, (6) "FERC ignores the representa-

tions and warranties Gathering Company made in the settlement agreement," Consol.Br. at 25.

Statements (1) and (2) address a legal, not factual issue. Statements (3) and (4) assume that Gathering Company's assertions do not constitute evidence, an argument we reject in the text. Statement (5) reiterates Consolidated's commingling argument that only the portion of its gas actually sold interstate can be jurisdictional, even if flowing from a commingled gathering facility. This argument is irrelevant to the factual determinations of commingling and the existence of some interstate sales, the only issues involved in the substantial evidence test here. Additionally, if the premise of this argument were accepted, it would eliminate the commingling doctrine altogether. The Supreme Court has not yet told us the time is ripe for that.

Statement (6) attempts to impeach Gathering Company's present assertions with the 1976 settlement agreement between the two parties, which declared that "[i]t is recognized that all of

ever, were and are legal ones, not factual ones. While findings of fact need be based on substantial evidence, conclusions of law from uncontradicted facts need only be right. We hold that the FERC's reliance on Gathering Company's undenied assertions satisfied its burden under the substantial evidence test.

## DUE PROCESS

■■■ Consolidated claims that the Commission failed to hold a hearing and thereby denied it procedural due process.[4] This claim suffers the same fate as Consolidated's substantial evidence argument. Since no material factual dispute exists, the FERC was not required to hold a hearing. *See, e.g., City of Ukiah v. FERC,* 729 F.2d 793, 799–800 (D.C.Cir.1984); *Cerro Wire & Cable Co. v. FERC,* 677 F.2d 124, 129 (D.C.Cir.1982); *Cities of Batavia v. FERC,* 672 F.2d 64, 91 (D.C.Cir.1982).[5]

■■■ We can also dispense quickly with Consolidated's contention that by holding

the gas sold by the Producer under the Contract was resold and consumed solely within the State of New Mexico and therefore such sales by the Producer were not subject to regulation by the Federal Power Commission." Settlement Agreement, June 28, 1976, at 2–3, J.A. at 41–42. Consolidated expanded on this point in oral argument, when after admitting that "we cannot assert the contrary" to Gathering Company's assertions regarding the fact of commingling, the following colloquy occurred:

Consolidated: Whether Consolidated's gas is commingled in a stream that may or may not go interstate is a disputed fact.

Court: How do you dispute it if one side says it is and the other side says we don't know? Is that all it takes to make a disputed fact?

Consolidated: It's disputed in the record. Your Honor, in the record the settlement agreement, which Southern Union signed back in 1976, in which they made the representation that all of Consolidated's gas remains intrastate, was not resold in interstate commerce and was not commingled ...

Our reading of the settlement agreement, however, reveals no representation regarding commingling, only the above-quoted declaration regarding intrastate resale. This declaration does not contradict the crucial underlying fact regarding commingling. To the extent it might be construed as stating a conclusion regarding jurisdiction, we reiterate that parties may not alter by contract the interstate character of commerce. *See* text, *supra; Lo-Vaca,* 379 U.S. at 369, 85 S.Ct. at 488; *Lo-Vaca,* 26 F.P.C. at 612. To the extent it might be construed as asserting that Consolidated's gas actually never flowed out of New Mexico, we should note that the New Mexico District Court has found that "[w]hen Southern Union represented to Consolidated, in the 1974 lawsuit and in the 1976 settlement agreement, that the gas it bought under certain contracts was resold and consumed solely within New Mexico, that representation was not true." Consolidated Oil & Gas, Inc. v. Southern Union Co., No. SF 79–2161(c) (N.M.Dist.Ct. May 21, 1985) (letter order finding negligent misrepresentation by Gathering Company; damages of $11 million awarded to Con-

solidated), Consol.Br.App.Ad. at 24, 25. Although the FERC could not rely on the New Mexico court's finding, since it came after the FERC's orders regarding jurisdiction, the FERC did note Gathering Company's acknowledgment of the error in the settlement agreement as to the flow of the gas in question. 28 Fed.Energy Reg.Comm'n Rep. (CCH) 61,424 (¶ 61,225) (Aug. 20, 1984), J.A. at 123. The FERC might wisely have avoided any substantial evidence challenge by definitively resolving the contradiction between the settlement agreement and Gathering Company's later assertion regarding interstate flow through an investigation, hearing, or grant of discovery to Consolidated. Nevertheless, it was not unreasonable for the FERC to base its legal conclusion regarding jurisdiction on Gathering Company's assertion in the petition before it, unrefuted by Consolidated, that some of Consolidated's gas did flow interstate. Consolidated is certainly in an odd position to challenge the FERC's reliance on Gathering Company's later assertion, since the New Mexico District Court's $11 million judgment in its favor was based on the conclusion that Gathering Company's earlier representation was negligent and false.

4. Consolidated also points to two sections of the NGA itself as sources of a hearing requirement, Consol.Rep.Br. at 28, but 15 U.S.C. § 717r(b) only requires that the Commission's findings be based on substantial evidence, and § 717d(a) only requires a hearing for the setting of rates. We have already determined, *supra,* that the Commission acted on substantial evidence, and petitioner's implication that because the determination of jurisdiction will influence the rates Consolidated may charge this is therefore a rate setting case cannot be taken seriously.

5. Consolidated raises two other procedural objections, each of which can be dispensed with quickly. First, Consolidated argues that the FERC issued its initial (August 20, 1984) order without notice to Consolidated. However, Consolidated and the Commission had exchanged letters responding to a letter from the Commission to Gathering Company indicating that the Commission staff would be presenting the case

the sales in question to be jurisdictional, the FERC denied it substantive due process, by depriving it of the settlement price. If, as we hold, the Commission was correct in finding that the sales in question were jurisdictional, then Consolidated was entitled only to the lawful sale price under the NGA and not any higher settlement price; thus, it was not deprived of any legal right by the FERC's refusal to approve the contract price.

Accordingly, the petition for review is *Denied.*

to the Commission within the next few months. Consolidated asked the FERC what the "next few months" meant, and the FERC responded that it meant either August or September, 1984. Record App. 202 & 204A. Additionally, on August 8, 1984, the Commission published a notice pursuant to 18 C.F.R. § 375.204 (1984), Consol. Br.App.Ad. at 15, 22, of the items to be considered at the August 15, 1984 meeting, which included Gathering Company's petition for a declaratory order.

Second, Consolidated contends that the FERC failed to give it the required 30 days to respond to Gathering Company's July 31, 1984 amendment to its petition, by issuing its order on August 20, 1984. The Commission admits for purposes of argument that the 30 day requirement of 18 C.F.R. § 385.213(d)(2) (1985) applies in this case, FERC Br. at 19 n. 16, but maintains that the proper procedure was for Consolidated to petition for rehearing, which it did. We

agree that the full consideration the FERC gave Consolidated on rehearing obviates any procedural problems related to the initial order.

Consolidated also notes that the state court, having grown tired of waiting for the FERC to answer the jurisdictional question referred to it on August 4, 1980, decided some preliminary issues in the Consolidated-Gathering Company contract suit by assuming a lack of FERC jurisdiction. *Consolidated Oil & Gas, Inc. v. Southern Union Co.,* No. SF 79–2161(c) (N.M.Dist.Ct. July 25, 1984), J.A. at 104, 105. Consolidated maintains that this action rendered the subsequent (August 20, 1984) FERC order regarding jurisdiction to be arbitrary and capricious. We agree with the FERC, though, that "[t]he fact that the state court ruled on the same issue, regardless whether its ruling agreed with the Commission's ruling, does not affect the Commission's authority to determine its own jurisdiction." FERC Br. at 23.