**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 4 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CRAIG FIELD LANDOWNERS'
ASSOCIATION,

    Petitioner-Appellant,

v.

FEDERAL ENERGY REGULATORY
COMMISSION,

    Respondent-Appellee.

_____

WILLIAMS GAS PIPELINES
CENTRAL, INC.,

    Intervenor.

No. 99-9510

No. CP98-280-000

**ORDER AND JUDGMENT** [*]

Before **TACHA** and **BRISCOE** , Circuit Judges, and **ROGERS,** Senior District Judge. [**]

Craig Field Landowners' Association (the Association) appeals the Federal

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable Richard D. Rogers, Senior United States District Judge for the District of Kansas, sitting by designation.

Energy Regulatory Commission's (FERC) denial of its motion for rehearing on FERC's order authorizing Williams Gas Pipelines Central, Inc. (Williams Gas) to abandon Craig Field, a natural gas storage field. We exercise jurisdiction pursuant to 15 U.S.C. § 717r(b) and affirm.

I.

Williams Gas owned and operated the Craig Field natural gas storage field in Johnson County, Kansas. Storage leases required Williams Gas to furnish gas free or at reduced prices to domestic customers within the storage field boundaries. Williams Gas filed an Abbreviated Application for Authorization to Abandon Storage Facility with FERC, asserting that abandonment of Craig Field was necessary because of safety concerns, namely well deterioration and encroaching residential development.

The Association, comprised of residents who lived within the storage field boundaries, filed a Motion to Intervene and Protest, asserting Williams Gas failed to show that the affected properties would be satisfactorily restored after abandonment (an issue not raised on appeal), that Craig Field could not continue to serve customers, that there was any basis for the asserted safety concerns, or that Craig Field was in a state of disrepair. Williams Gas responded to the Association's protest by filing an answer emphasizing that Craig Field was Williams Gas' oldest currently operating storage field, that casings in many of the

2

wells were not cemented properly to their full depth, and that a significant

maintenance investment would be required to prevent gas leaks between the

casing and the well bore.  After a public hearing, FERC issued an order granting

abandonment.  The Association filed a request for rehearing and for a stay

pending appeal, both of which FERC denied.

II.

*FERC's compliance with 15 U.S.C. § 717f(b)*

The Association first contends FERC failed to comply with the hearing

requirement of 15 U.S.C. § 717f(b).  That provision states:

> No natural-gas company shall abandon all or any portion of its
> facilities subject to the jurisdiction of the Commission, or any
> service rendered by means of such facilities, without the permission
> and approval of the Commission first had and obtained, *after due
> hearing*, and a finding by the Commission that the available supply
> of natural gas is depleted to the extent that the continuance of
> service is unwarranted, or that the present or future public
> convenience or necessity permit such abandonment.

15 U.S.C. § 717f(b) (emphasis added).  FERC considered the request for

abandonment, and the Association's objections to it, after a public hearing.

The Association asserts it was entitled to an evidentiary hearing.  We

review FERC's decision to deny an evidentiary hearing for abuse of discretion.

Louisiana Pub. Serv. Comm'n v. FERC, 184 F.3d 892, 895 (D.C. Cir. 1999).

The purpose of the § 717f(b) hearing requirement is to "'permit[] all interested

parties to be heard and therefore facilitate[] full presentation of the facts

3

necessary' to the Commission's determination." Cascade Natural Gas Corp. v. FERC, 955 F.2d 1412, 1425 (10th Cir. 1992) (quoting United Gas Pipe Line Co. v. McCombs, 442 U.S. 529, 538 (1979)). FERC is not always required to conduct a trial-type evidentiary hearing to achieve this purpose. The Association must meet at least three conditions before FERC will consider conducting a formal evidentiary hearing. First, it must make allegations of fact material to FERC's determination. Second, it must make an adequate proffer of evidence to support those allegations of fact. Third, the material facts alleged by the Association must be in dispute. Id. at 1425-26. Even if these conditions are met, there is no guarantee that the Association will be allowed to present evidence orally or to cross-examine witnesses. "Depending on the nature of the inquiry and the evidence, the 'full presentation of facts' necessary for the Commission's determination may be achieved by the written submission of evidence." Id. at 1426. We conclude that the Association has established the first two conditions, but has failed to establish the third. As a result, we cannot conclude that FERC abused its discretion in denying the Association's request for an evidentiary hearing.

The Association made allegations of fact material to FERC's determination of the abandonment issue by raising the factual issues of whether abandonment was required for safety reasons and whether Craig Field was necessary to

4

adequately serve the public.  The Association then made an adequate proffer of evidence to support the alleged material facts.  It asserted the clean safety record on Craig Field belied any current safety concerns.  The Association also alleged an inconsistency between Williams Gas' assertion of unsafe wells and its reports filed with the Kansas Corporation Commission stating the wells were in good condition.

Although the Association proffered evidence of material facts, it failed to show those facts were in dispute.  "There is simply no justification for 'an evidentiary hearing when the opposing presentations reveal that no dispute of fact is involved.'"  Cascade , 955 F.2d at 1426 (quoting  Consolidated Oil & Gas, Inc. v. FERC , 806 F.2d 275, 279 (D.C. Cir. 1986)).  The Association does not dispute the material facts stated in Williams Gas' application for abandonment, but rather it disputes whether these facts amount to a safety risk which would justify abandonment.  The parties here had an adequate opportunity to present their views and FERC had an adequate record upon which to base its decision.

*FERC's approval of William Gas' request for abandonment*

Next, the Association asserts that FERC's decision to allow Williams Gas to abandon Craig Field was not based on substantial evidence.  In reviewing FERC's decision we do not review its factual conclusions if they are supported

5

by substantial evidence.    Cascade , 955 F.2d at 1421-22 (citing 15 U.S.C. § 717r(b)).  Our task is only to determine whether FERC's action was "'arbitrary, capricious, . . . or otherwise not in accordance with law.'"    Id. at 1422.  We must uphold FERC's determination if it is "based on consideration of the relevant facts and articulates a rational connection between the facts found and the choice made."  Id.

The Association contends there was not substantial evidence to support FERC's finding that continued operation of Craig Field presented safety concerns, arguing that photographs of a deteriorated casing or casings were the only evidence of safety problems.  The Association claimed the reports filed by Williams Gas with the Kansas Corporation Commission showed the wells were in good condition.  Williams Gas responded that the wells were deteriorating and presented a future safety risk.  FERC found that some of the storage facilities had significant deterioration.  The age of Craig Field, which had been in operation since 1931, combined with the evidence of deteriorating wells, provided substantial evidence for FERC's finding that safety hazards supported abandonment.  This conclusion is further bolstered by the fact admitted by the Association that "substantial portions of land near the Craig Field have been planned and/or zoned for commercial and industrial development." Aplt. App. at 103.

The Association argues FERC's finding that continued operation of the storage field would not be cost beneficial was not supported by the evidence. FERC found that Williams Gas would need to perform significant maintenance and repair to continue operating Craig Field. With the limited capacity of the field, FERC found this was not cost beneficial or in the public interest. Craig Field began as a natural gas storage field in 1931. There was evidence that the storage wells were "placed in service beginning in the 1930's and the age of the casing corresponds with the wells in service dates." Aplt. App. at 115. There was also undisputed evidence that Craig Field has the smallest capacity for working gas of any Williams storage fields. Id. at 113. There was evidence that well casings had begun to deteriorate and that replacement efforts would not be sufficient to maintain the integrity of the wells. Given the limited storage capacity of Craig Field and the evidence that Williams could continue its same level of deliverability and working storage capacity to meet its customers' needs without Craig Field, id. at 114, there was substantial evidence to support FERC's finding that continued operation of Craig Field would not be cost beneficial.

Finally, the Association asserts FERC acted arbitrarily and capriciously in approving the order granting abandonment, contending that FERC failed to address serious and material issues. The only claim which has not yet been addressed is "[w]hether abandonment of the Craig Storage field is necessary or, if

7

not necessary, will it nevertheless promote public convenience through efficient service." Aplt. Br. at 26. FERC concluded that Craig Field was unnecessary, finding the abandonment would not adversely affect Williams Gas' ability to satisfy demand. There was evidence that Craig Field contained a relatively small amount of gas and that Williams Gas' "remaining eight storage fields [could] provide the same level of deliverability and working storage capacity without the Craig Storage Field." Aplt. App. at 114. There was substantial evidence to support FERC's conclusion that Craig Field was not necessary and that its continued operation would not promote public convenience through efficient service.

III.

FERC's orders allowing Williams Gas to abandon Craig Field and denying the Association's motion for rehearing are AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge